E-FILED
Monday, 02 March, 2026  02:36:05 PM
Clerk, U.S. District Court, ILCD

AO 245B (Rev. 11/25)　Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Central District of Illinois

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>SAMUEL J. CUNDARI | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number:  24-CR-30031-001<br>USM Number:  17005-511<br>John Fioti and Christopher C. Syregelas<br>Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)　　1

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 875(c) | Interstate Communication with Threat to Injure | 3/17/2024 | 1 |

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

2/25/2026
Date of Imposition of Judgment

_Signature of Judge_

Colleen R. Lawless, U.S. District Judge
Name and Title of Judge

3/2/2026
Date

**FILED**

MAR 0 2 2026

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

AO 245B (Rev. 11/25) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __2__ of __7__

DEFENDANT:   SAMUEL J. CUNDARI
CASE NUMBER:   24-CR-30031-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
Time served.

☐  The court makes the following recommendations to the Bureau of Prisons:

☐  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

   ☐  at _____   ☐  a.m.   ☐  p.m.   on _____ .

   ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐  before 2 p.m. on _____ .

   ☐  as notified by the United States Marshal.

   ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 11/25)  Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page ___3___ of ___7___

DEFENDANT:  SAMUEL J. CUNDARI
CASE NUMBER:  24-CR-30031-001

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

3 years.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 11/25)    Judgment in a Criminal Case
Sheet 3B — Supervised Release

Judgment—Page    4    of    7

DEFENDANT:   SAMUEL J. CUNDARI
CASE NUMBER:   24-CR-30031-001

## ADDITIONAL SUPERVISED RELEASE TERMS

1. You shall not knowingly leave the federal judicial district in which you are approved to reside without the permission of the Court or probation officer.

2. You shall report to the probation office in the district to which you are released within 72 hours of release from custody. You shall report to the probation officer in a reasonable manner and frequency directed by the Court or probation officer.

3. You shall follow the instructions of the probation officer as they relate to your conditions of supervision. You shall answer truthfully the questions of the probation officer as they relate to your conditions of supervision, subject to your right against self-incrimination.

4. You shall notify the probation officer at least ten days prior to, or as soon as you know about, any changes in residence or any time you leave a job or accept a job.

5. You shall permit a probation officer to visit you at home between the hours of 6:00 a.m. and 11:00 p.m., at your place of employment while you are working, or at the locations of your court-ordered treatment providers. Visits may be conducted at any time if the probation officer has reasonable suspicion to believe that you are in violation of a condition of supervised release or if you or a third party has reported that you are unable to comply with a directive of the probation officer because of illness or emergency. During any such visit, you shall permit confiscation of any contraband observed in plain view of the probation officer.

6. You shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer. This condition does not prevent you from invoking your Fifth Amendment right against self-incrimination.

7. You shall participate in the Location Monitoring Program using virtual mobile application technology for a period of 12 months. You shall be monitored by SmartLink monitoring technology and shall abide by all technology requirements. You must allow the supervising officer to conduct initial and periodic inspections of the mobile device to verify that the monitoring software is functional, that the required configurations (e.g., locational services) are unaltered, and that no efforts have been made to alter the mobile application. You shall pay all or part of the costs of participation in the location monitoring program, including equipment loss and damage, as directed by the Court and/or the supervising officer.

8. You shall sign the rules of home detention/location monitoring and comply with the conditions of home detention. During this time, you will remain at your place of residence at all times and shall not leave except when such leave is approved in advance by the U.S. Probation Office or in the event of a medical emergency. You shall be monitored by virtual mobile technology. If you fail to comply with the directives of the U.S Probation Office and/or the SmartLink Program, the U.S. Probation Office would retain the discretion to move you to another monitoring technology. You shall pay for this program, to the extent you are financially able to pay. The U.S. Probation Office shall determine your ability to pay and any schedule for payment, subject to the Court's review upon request. You shall not be deemed financially able to pay if, at the time you begin your period of home detention, you would qualify for Court-appointed counsel under the Criminal Justice Act.

9. You shall not have any contact with the victims of the instant federal offense, which include those victims named and unnamed in the count of conviction.

10. You shall perform 200 hours of uncompensated community service during the first 24 months of supervision and shall provide verification of said service to the U.S. Probation Office.

11. You shall not knowingly possess a firearm, ammunition, or destructive device as defined in 18 U.S.C. § 921(a)(4) or any object that you intend to use as a dangerous weapon as defined in 18 U.S.C. § 930(g)(2).

AO 245B (Rev. 11/25)    Judgment in a Criminal Case
                        Sheet 3C — Supervised Release

Judgment—Page  5  of  7

DEFENDANT:  SAMUEL J. CUNDARI
CASE NUMBER:  24-CR-30031-001

## ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

12. You shall participate in psychiatric services and/or a program of mental health counseling/treatment as directed by the U.S. Probation Office and shall take any and all prescribed medication as directed by the treatment providers. You shall pay for these services, to the extent you are financially able to pay. The U.S. Probation Office shall determine your ability to pay and any schedule for payment, subject to the Court's review upon request. You shall not be deemed financially able to pay if, at the time you begin receiving psychiatric services or mental health counseling or treatment, you would qualify for Court-appointed counsel under the Criminal Justice Act.

AO 245B (Rev. 11/25)   Judgment in a Criminal Case
        Sheet 5 — Criminal Monetary Penalties

Judgment — Page ___6___ of ___7___

DEFENDANT: SAMUEL J. CUNDARI
CASE NUMBER: 24-CR-30031-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 7,674.69 | $ | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| City of Springfield, Illinois | $7,674.69 | $7,674.69 | |

| **TOTALS** | $ 7,674.69 | $ 7,674.69 |
|---|---|---|

☑ Restitution amount ordered pursuant to plea agreement $ 7,674.69

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 11/25)    Judgment in a Criminal Case
                        Sheet 6 — Schedule of Payments

Judgment — Page ___7___ of ___7___

DEFENDANT: SAMUEL J. CUNDARI
CASE NUMBER: 24-CR-30031-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ __7,774.69__   due immediately, balance due

   ☐ not later than _____ , or
   ☑ in accordance with ☐ C,   ☐ D,   ☐ E, or   ☑ F below; or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
   _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
   _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
   term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
   imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:
   The defendant shall make monthly payment of at least 25% of his disposable income per month during the entire
   term of supervised release or until the restitution obligation is paid in full.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.